# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| ELK GROVE VILLAGE PETROLEUM, *et al.* ) | |
| ) | Case No. 12-49658 |
| Debtors. ) | Jointly Administered |
| ) | Hon. Timothy A. Barnes |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Wednesday, February 5, 2014** at **10:00 a.m.** or as soon thereafter as counsel may be heard, we shall appear before the Honorable Timothy A. Barnes in **Courtroom 613**, United States Bankruptcy Court for the Northern District of Illinois at 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in her place and stead for hearing the attached **Motion of United Central Bank for Allowance of Secured Claim and Turnover of Collateral Proceeds**, at which time and place you may appear if you so desire.

Dated: January 29, 2014

                                       Respectfully submitted,

                                       United Central Bank

                                           /s/  Shelly A. DeRousse

Shelly A. DeRousse (ARDC #6274798)
Kevin V. Hunt (ARDC #6283126)
Stahl Cowen Crowley Addis, LLC
55 W. Monroe St., Suite 1200
Chicago, IL 60603
312-641-0060 (phone)
312-423-8189 (direct fax)

[033091.0310/1273625/2]

## CERTIFICATE OF SERVICE

      The undersigned, an attorney of record, hereby certifies that he electronically filed **Motion of United Central Bank for Allowance of Secured Claim and Turnover of Collateral Proceeds** with the Clerk of Court using the CM/ECF filing system on this 29th day of January, 2014 and thus, caused a true and correct copy of the foregoing to be served on all attorneys of record via the Court's CM/ECF filing system.

                                                            By:   /s/ Shelly A. DeRousse

Shelly A. DeRousse (ARDC #6274798)
Kevin V. Hunt (ARDC #6283126)
55 W. Monroe Street, Suite 1200
Chicago, Illinois 60603
(312) 641-0060
Facsimile: (312) 641-6959

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| ELK GROVE VILLAGE PETROLEUM, *et al.* ) | |
| ) | Case No. 12-49658 |
| Debtors. ) | Jointly Administered |
| ) | Hon. Timothy A. Barnes |

**MOTION OF UNITED CENTRAL BANK FOR ALLOWANCE OF SECURED CLAIM
AND TURNOVER OF COLLATERAL PROCEEDS**

NOW COMES, United Central Bank ("**UCB**"), by and through its attorneys, on its Motion for Allowance of Secured Claim and Turnover of Collateral Proceeds and, in support, states as follows:

**Introduction**

1. The Trustee, on behalf of the estate, closed the sale of the Debtors' main assets, BP branded gas stations located at 601 East Devon Avenue, Elk Grove Village, Illinois for Elk Grove Village Petroleum, LLC ("**Elk Grove Station**") on or about December 19, 2013, 2791 US Route 34, Oswego, Illinois for Oswego Petroleum, LLC ("**Oswego Station**") on or about November 26, 2013, 14299 South LaGrange Avenue, Orland Park, Illinois for Orland Park Petroleum, LLC ("**Orland Park Station**") on November 26, 2013, and 1987 Jefferson Street, Joliet, Illinois and 680 North Independence Boulevard, Romeoville, Illinois for Joliet Petroleum, LLC ("**Joliet Station**" and "**Romeoville Station**," respectively) on or about November 26, 2013 and December 19, 2013, respectively (the gas stations are collectively referred to as the "**Stations**"). Those sales occurred pursuant to an Order Approving Sale of Gas Stations entered on November 13, 2013 (the "**Sale Order**").

2. Prior to the filing of this bankruptcy case, UCB had a perfected, first priority security

[033091.0310/1266424/1]

interest in the Stations, which continues to attach to the proceeds of the sale. UCB moves this Court for allowance of its secured claim and for turnover of its collateral, proceeds of the sale, as partial payment of such claim.

## Jurisdiction

3. This Court has jurisdiction to grant the relief requested by this Motion pursuant to 28 U.S.C. §1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B), and (O). In the Sale Order, this Court indicated that the sale proceeds shall be held by the Trustee until further Court order.

4. Venue is proper under 29 U.S.C. §1408 and UCB consents to this Court's entry of a final order adjudicating the Motion. The statutory predicate for the relief requested herein is 11 U.S.C. §§105, 362, 363, 502, and 506(a).

## Background

5. On December 19, 2012 (the "**Petition Date**"), Elk Grove Village Petroleum, LLC ("**Elk Grove**"), Joliet Petroleum, LLC ("**Joliet**"), Oswego Petroleum, LLC ("**Oswego**") and Orland Park Petroleum, LLC ("**Orland Park**" and together with Elk Grove, Joliet and Oswego, the "**Debtors**") filed a petition for relief under Chapter 11 of the Bankruptcy Code.

6. On January 23, 2014, the Court entered an order to jointly administer the bankruptcy cases of the Debtors.

7. An initial meeting of creditors pursuant to §341 of the Bankruptcy Code was held February 7, 2013.

8. Elk Grove, Oswego and Orland Park each operate one and Joliet operates two BP branded gas stations.

9. On April 12, 2013, the Court appointed Eugene Crane as Chapter 11 Trustee in these

[033091.0310/1266424/1]

bankruptcy cases.

## Orland Park Loan

10. On or about December 17, 2007, UCB and Orland Park entered into a Commercial Loan Agreement and a Note in the original amount of $1,360,000 (the "**Orland Park Note**"). See **Exhibit A**. The Orland Park Note is secured by a Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement and Financing Statement dated December 17, 2007, pursuant to which Orland Park granted to UCB a security interest in the leasehold interest of the Orland Park Station and related personal property. See **Exhibit B**. The Orland Park Note is also secured by substantially all of the personal property of Orland Park, pursuant to a Commercial Security Agreement, dated December 17, 2007. See **Exhibit C**. To secure the Orland Park Note, Elk Grove and Oswego granted to UCB mortgages in the real property upon which they operate (the "**OP/ Elk Grove Junior Mortgage**" and "**OP/ Oswego Junior Mortgage**," attached as **Exhibits D and E**, respectively), with the common addresses of 601 East Devon Avenue, Elk Grove Village, Illinois (the "**Elk Grove Property**") and 2791 US Route 34, Oswego, Illinois (the "**Oswego Property**").

11. On December 21, 2009, UCB and Orland Park entered into a Forbearance Agreement, in which the Debtor acknowledged a default of the Orland Park Note as of September 1, 2009 (the "**Orland Park Forbearance Agreement**"). See **Exhibit F**. The Orland Park Forbearance Agreement terminated on June 17, 2011.

12. The date of the Orland Park's last payment on the Orland Park Note was April 19, 2011. Orland Park is in default of both the Orland Park Note and the Orland Park Forbearance Agreement. As of the Petition Date, the principal, interest, and late fees due on the Orland Park Note were an aggregate of $1,490,567.31, not including attorneys' fees.

[033091.0310/1266424/1]

**Elk Grove Loan**

13. On or about October 9, 2007, UCB and Elk Grove entered into a Commercial Loan Agreement and a Note in the original amount of $2,805,000 (the "**Elk Grove Note**").  See **Exhibit G**.   The Elk Grove Note is secured by a Mortgage, Security Agreement and Fixture Filing dated October 9, 2007 on the Elk Grove Station and related personal property.  See **Exhibit H**.  The Elk Grove Note is also secured by substantially all of the personal property of Elk Grove, pursuant to a Security Agreement, dated October 9, 2007. See **Exhibit I**.   To secure the Elk Grove Note, Oswego granted to UCB a mortgage in the Oswego Property (the "**EG/ Oswego Junior Mortgage**," attached as **Exhibit J**).

14. On December 21, 2009, UCB and Elk Grove entered into a Forbearance Agreement, in which the Debtor acknowledged a default of the Elk Grove Note as of September 1, 2009 (the "**Elk Grove Forbearance Agreement**"). See **Exhibit K**.   The Elk Grove Forbearance Agreement terminated on June 9, 2011.

15. The date of the Elk Grove's last payment on the Elk Grove Note was April 19, 2011.   Elk Grove is in default of both the Elk Grove Note and the Elk Grove Forbearance Agreement.   As of the Petition Date, the principal, interest, and late fees due on the Elk Grove Note were an aggregate of $3,089,041.59, not including attorneys' fees.

**Oswego Loan**

16. On or about October 9, 2007, UCB and Oswego entered into a Commercial Loan Agreement and a Note in the original amount of $2,550,000.00 (the "**Oswego Note**").  See **Exhibit L**.  The Oswego Note is secured by a Mortgage, Security Agreement and Fixture Filing dated October 9, 2007 on the property on which Oswego operates, with the common address of 2791 US Route 34, Oswego, Illinois and related personal property.  See **Exhibit M**.   The

Oswego Note is also secured by substantially all of the personal property of Oswego, pursuant to a Security Agreement, dated October 9, 2007. See **Exhibit N**. To secure the Oswego Note, Elk Grove granted to UCB a mortgage in the Elk Grove Property (the "**OS/ Elk Grove Junior Mortgage**," attached as **Exhibit O**).

17. On December 21, 2009, UCB and Oswego entered into a Forbearance Agreement, in which the Debtor acknowledged a default of the Oswego Note as of September 1, 2009 (the "**Oswego Forbearance Agreement**"). See **Exhibit P**. The Oswego Forbearance Agreement terminated on June 9, 2011.

18. The date of the Oswego's last payment on the Oswego Note was April 19, 2011. Oswego is in default of both the Oswego Note and the Oswego Forbearance Agreement. As of the Petition Date, the principal, interest, and late fees due on the Oswego Note were an aggregate of $2,793,967.50, not including attorneys' fees.

## Joliet Loans

*Romeoville Station*

19. On or about November 27, 2006, UCB and Joliet entered into a Commercial Loan Agreement and a Note in the original amount of $3,073,400.00 (the "**Romeoville Note**"). See **Exhibit Q**. The Romeoville Note is secured by a Mortgage, Security Agreement and Fixture Filing dated November 27, 2006, on the Romeoville Station and related personal property. See **Exhibit R**. The Romeoville Note is also secured by substantially all of the personal property of Joliet, pursuant to a Security Agreement, executed on November 27, 2006. See **Exhibit S**. To secure the Romeoville Note, Joliet also granted to UCB a mortgage in the Joliet Station (the "**Joliet/ Jefferson Junior Mortgage**," attached as **Exhibit T**).

20. On December 21, 2009, UCB and Joliet entered into a Forbearance Agreement, in which

the Debtor acknowledged a default of the Romeoville Note as of September 1, 2009 (the "**Romeoville Forbearance Agreement**"). See **Exhibit U**. The Romeoville Forbearance Agreement terminated on June 1, 2011.

21. The date of the Joliet's last payment on the Romeoville Note was April 19, 2011. Joliet is in default of both the Romeoville Note and the Romeoville Forbearance Agreement. As of the Petition Date, the principal, interest, and late fees due on the Romeoville Note were an aggregate of $3,372,351.77, not including attorneys' fees.

*Joliet Station*

22. On or about November 20, 2006, UCB and Joliet entered into a Commercial Loan Agreement and a Note in the original amount of $3,026,600.00 (the "**Joliet Note**"). See **Exhibit V**. The Romeoville Note is secured by a Mortgage, Security Agreement and Fixture Filing dated November 20, 2006, on the Joliet Station and related personal property. See **Exhibit W**. The Joliet Note is also secured by substantially all of the personal property of Joliet, pursuant to a Security Agreement, executed on November 20, 2006. See **Exhibit X**. To secure the Joliet Note, Joliet also granted to UCB a mortgage in the property, on the Romeoville Station (the "**Joliet/ Independence Junior Mortgage**," attached as **Exhibit Y**).

23. On December 21, 2009, UCB and Joliet entered into a Forbearance Agreement, in which the Debtor acknowledged a default of the Joliet Note as of September 1, 2009 (the "**Joliet Forbearance Agreement**"). See **Exhibit Z**. The Joliet Forbearance Agreement terminated on June 1, 2011.

24. The date of the Joliet's last payment on the Joliet Note was April 19, 2011. Joliet is in default of both the Joliet Note and the Joliet Forbearance Agreement. As of the Petition Date, the principal, interest, and late fees due on the Romeoville Note were an aggregate of $3,331,229.50,

not including attorneys' fees.

25. In their schedules and/or at the 341 Meeting, the Debtors conceded that UCB has a secured claim of at least the amount of $2,751,174.00 against the Elk Grove Station, $2,979,594 against the Joliet Station, $2,936,391 against the Romeoville Station, and $2,488,050 against the Oswego Station, and $1,330,035 against the Orland Park Station.

26. As of the Petition Date, the total claim of UCB against the Debtor, secured by the Stations, among other things, is not less than $14,077,157.67 (the "**UCB Claim**"). UCB asserts that the $14,077,157.67 represents the minimum amount due, but additional legal fees and other fees and charges incurred prior to the Petition Date may apply. The UCB Claim is secured by the proceeds of the Stations. UCB's security interest in the Debtors' cash and personal property was properly perfected by the recording of Financing Statements under the Uniform Commercial Code.

27. The Trustee closed the sale of the Stations and received the net proceeds of approximately $798,774.73 from the Elk Grove Station, $1,436,222.95 from the Joliet Station, $1,502,420.46 from the Romeoville Station, $1,151,576.88 from the Oswego Station, and $102,741.11 from the Orland Park Station (the "**Proceeds**") from the purchaser.

28. The Proceeds are less than the undisputed amount of UCB's secured claim, per station and in the aggregate.

29. In addition to the Proceeds (as defined herein), the Trustee has received or will receive certain funds for the inventory that remained in the Stations at the time of the sales in the amounts of $45,045.35 from the Elk Grove Station, $35,072.07 from the Joliet Station, $52,441.68 from the Romeoville Station, $47,218.09 from the Oswego Station, and $57,961.95 from the Orland Park Station, refunds from the title company for funds withheld from sale proceeds to pay real estate

[033091.0310/1266424/1]

taxes, lottery deposits, and other deposits, refunds, or credits due to the estates ("**Additional Funds**"), which are subject to UCB's security interest. This Motion seeks authority for the Trustee to turnover and distribute to UCB those Additional Funds as they are received, unless UCB and the Trustee agree to another use.

30. Further, the turnover of Proceeds and Additional Funds sought by this Motion is net of the payment of any Trustee fees and attorneys' and accountant's fees of the Trustee, as allowed by this Court and agreed to by UCB.

### Basis for Relief

31. UCB has a valid, first priority security interest in the Stations before they were sold and now the Proceeds and Additional Funds pursuant to §506 of the Bankruptcy Code. UCB's properly perfected first priority security interest attaches to the Proceeds and Additional Funds, pursuant to this Court's Sale Order and §552(b)(1) of the Bankruptcy Code. UCB's claim should be allowed.

32. UCB is entitled to the turnover of its collateral, all of the Proceeds and Additional Funds, net of any fees due to the Trustee and his counsel and accountant, as retained professionals and as allowed by this Court and agreed by UCB for the use of its cash collateral.

33. There is no reason related to the liquidation of the Debtors' assets or the reorganization of the estate why UCB should not receive the Proceeds and Additional Funds immediately.

WHEREFORE, United Central Bank prays for the entry of an order 1) allowing its secured claim against the Proceeds and all other assets of the estate in the amount of $3,089,041.59 against Elk Grove, $2,793,967.50 against Oswego, $6,703,581.27 against Joliet, and $1,490,567.31 against Orland, without prejudice to UCB seeking additional allowance for attorneys fees and other charges under the loan documents; 2) directing turnover of the Proceeds and Additional

[033091.0310/1266424/1]

Funds to UCB; and 3) granting such other and further relief as this Court shall deem proper.

                                    Respectfully submitted,

                                    United Central Bank

                                    /s/   Shelly A. DeRousse
                                    Attorney for United Central Bank

                                    Shelly A. DeRousse
                                    Kevin V. Hunt
                                    Stahl Cowen Crowley Addis LLC
                                    55 West Monroe Street, Suite 1200
                                    Chicago, IL 60603
                                    Ph: 312-641-0060

[033091.0310/1266424/1]